We agree with the District Court that petitioner had no federal constitutional right to shade the light in his cell, regardless of the claim of invidious discrimination. We further agree that there was sufficient evidence to show petitioner was afforded the legal assistance requested.

 This Court has held that an incarcerated prisoner does not have a constitutional right to the length, style and growth of his hair and growing of a beard and moustache to suit his personal desires. Blake v. Pryse, 444 F.2d 218 (8th Cir., 1971) (per curiam).

For the reasons set forth in the District Court's well reasoned memorandum, we affirm its decision dismissing the complaint.

Frank A. Constangy, Scott P. Watson, Atlanta, Ga., J. L. Glover, Newnan, Fred W. Elarbee, Jr., Constangy & Prowell, Atlanta, Ga., Glover & Davis, Newnan, Ga., for petitioner.

Marcel Mallet-Prevost, Asst. Gen. Counsel, Harold J. Engel, Atty., N.L.R.B., Washington, D. C., Walter C. Phillips, Regional Director, Region 10, N.L.R.B., Atlanta, Ga., Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Thomas E. Silfen, Atty., N.L.R.B., for respondent.

Warren H. Pyle, Angoff, Goldman, Manning & Pyle, Boston, Mass., for intervenor.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

PER CURIAM:

Enforced. See Local Rule 21.[1]

**WILLIAM L. BONNELL CO., Inc.,**
Petitioner-Cross Respondent,

v.

**NATIONAL LABOR RELATIONS BOARD,** Respondent-Cross Petitioner.

No. 71–1119.

United States Court of Appeals, Fifth Circuit.

Sept. 27, 1971.

**UNITED STATES of America,**
Plaintiff-Appellant,

v.

**Marvin HARE, and Louise M. Hare, his wife, Defendants-Appellees.**

**UNITED STATES of America,**
Plaintiff-Appellant,

v.

**Regis RYAN et al., Defendants-Appellees.**

Nos. 71–1789, 71–1917
Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Sept. 22, 1971.

---

1. See NLRB v. Amalgamated Clothing Workers of America, 5th Cir. 1970, 430 F.2d 966.

* ▮ Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.